# United States District Court

for the
District of Massachusetts

| | |
|---|---|
| Nellie Saninocencio, | ) |
|   | ) |
|     Plaintiff | ) Case No.:   1:21-cv-11455 |
|   | ) |
| v. | ) |
|   | ) |
| Pierce and Mandell, PC, | ) |
| Avery Dooley and Noone, LLP, | ) |
| Litchfield Cavo, LLP, | ) |
| Richard Welch III, and The | ) |
| Massachusetts Supreme Judicial Court | ) |
|   | ) |
|     Defendants | ) |

**CIVIL COMPLAINT AND REQUEST FOR JURY TRIAL**

**I.**   Parties to the Complaint:

  A.   Plaintiff

   Nellie Saninocencio
   1030 Skyline Avenue, Apt. 2
   Dracut, MA 01826
   978 475-3016

  B.   Defendants

   Judge Richard Welch III
   145 High Street
   Newburyport, MA 01950
   978 462 4474

   Pierce and Mandell, PC
   11 Beacon Street, Suite 800
   Boston, MA 02108
   617 720-2444

1

     Litchfield Cavo, LLP
     6 Kimball Lane, Suite 200
     Lynnfield, MA 01840
     781 309-1500

     Avery Dooley and Noone, LLP
     3 Brighton Street
     Belmont, MA 02478
     617 489-5300

     Supreme Judicial Court of Massachusetts
     1 Pemberton Square, Suite 2500
     Boston, MA 02108
     617 557-1000

**II.** This Court has jurisdiction pursuant to 42 U.S.C. Section 1983

**III.** FACTS

1. In January 2012, clients of Avery Dooley and Noone, LLP, who were hired by clients of Litchfield Cavo, LLP, and Pierce and Mandell, PC, knocked on the Plaintiff's door and instructed her to move her vehicle so they could continue their snow removal procedures (hereinafter referred to as the Defendant Attorneys).

2. The Plaintiff complied and herniated a disc in a slip and fall on her way back to her apartment.

3. The Plaintiff suffered severe and permanent neurological injuries as a result of a subsequent surgery to repair the disc.

4. The Plaintiff filed a simple negligence action in Lawrence Superior Court against the Defendant Attorneys' clients in December 2012.

5. On April 1, 2015, Defendant Judge Welch issued an order for all parties to disclose expert witnesses in a jointly prepared pretrial conference memorandum. The order required that the substance of an expert's testimony, the grounds for the testimony, his qualifications, and his

address be disclosed in the memorandum.

6.     The pretrial memo was due to be filed by June 12, 2015 for the conference scheduled for June 17, 2015.

7.     Shortly before the conference, the Plaintiff's counsel filed the PTC memo which all parties had agreed to by the filing deadline (hereinafter referred to as the Original PTC Memo).

8.     As Regional Administrative Judge Maynard Kirpalani entered the courtroom, Attorney Pierce stated that the parties had prepared a PTC memo for the court and asked the Plaintiff's counsel to 'pass the document up here'.[1]

9.     Plaintiff's counsel handed Pierce a copy of the Original PTC Memo and Pierce handed Judge Kirpalani an altered version of it (hereinafter referred to as the Altered PTC Memo).

10.    The Defendant Attorneys had added a potential expert named Dr. Michael Kennedy to the Original PTC Memo but did not disclose the substance of his testimony, his qualifications or his address.

11.    Pierce estimated for the court that the trial would only take two to three days without experts. The clerk scheduled a five day trial on the court calendar after Pierce claimed that 'the defendants would likely put on an expert at trial'.

12.    Judge Kirpalani then ordered the Defendant Attorneys to disclose any experts they planned on presenting at trial by October 30, 2015. The clerk wrote this order on the first page of the Altered PTC Memo. At no time during the conference was Dr. Kennedy's name mentioned.

13.    The Plaintiff lost her right to challenge Dr. Kennedy's admissibility before trial as the Defendant Attorneys failed to properly disclosed him by October 30, 2015.

14.    On December 14, 2015, the Defendant Attorneys late-filed an emergency motion to bifurcate the trial pursuant to Mass.R.Civ.P. 42(b). The motion claimed to have numerous

---

[1] Judge Kirpalani presided at the conference as Judge Welch was on vacation.

3

'experts in the field of orthopedics' prepared to testify.

15. The Defendant Attorneys argued that the bifurcation procedure could reduce the scheduled five day trial to two days by avoiding the expert testimony.

16. The Plaintiff filed an opposition arguing that experts were not needed at trial and that the Defendants had not disclosed any pursuant to Judge Kirpalani's order.

17. Defendant Welch gave the Defendant Attorneys' motion a hearing on the morning of the trial. At no time during this hearing did he asked why they had failed to comply with two written orders to disclose their experts before trial, what their experts were expected to testify to, or how the bifurcation procedure was to be implemented.

18. The Plaintiff's opposition to the motion was ignored. The Plaintiff's counsel agreed to bifurcate the trial between liability and damages after Welch assured him 'he was entitled to present some hospital records because they related to liability'.

19. When the Plaintiff attempted to describe her back injury to the jury the following day, Defendant Welch sustained the Defendant Attorneys' objection. Defendant Welch informed the Plaintiff's counsel that his case was limited to proving she fell on her walkway and not on the lawn adjacent to it as alleged by the Defendant Attorneys' clients.

20. The Plaintiff was allowed to present only one hospital record which showed she had suffered a severely bruised knee when she fell. The Plaintiff argued to the jury that the knee injury could have only happened on an asphalt sidewalk and not on snow covered grass.

21. Over the Plaintiff's objections, Defendant Welch allowed the Defendant Attorneys to extensively cross-examine her regarding her history of arthritis.

22. The jury returned a verdict of no liability for the Defendant Attorneys' clients.

23. The Plaintiff filed a motion for a new trial on January 28, 2016 and argued that the

the Defendant Attorneys had committed a fraud on the court. Specifically, their false claim to have numerous experts prepared to testify induced Defendant Welch into implementing a procedure which barred her from presenting evidence to the jury. Defendant Welch denied the motion without a hearing and called it a 'bowl of sour grapes served with regret'.

24. The Plaintiff filed several additional motions including one which accused Defendant Welch of being involved in the fraud. All were denied without hearings.

25. The Defendant Attorneys filed a motion for attorneys' fees and sanctions against the Plaintiff for making false allegations against them and the court. They changed their story and claimed they had one expert prepared to testify but chose not to use him. Defendant Welch denied the motion without a hearing.

26. The Plaintiff alleged on appeal that the Defendant Attorneys had committed a fraud on the trial court by falsely claiming to have had numerous experts prepared to testify. The only evidence she had to support this claim was their failure to comply with two orders to disclose them before trial and that they had changed their story when confronted with the allegation.

27. The Defendant Attorneys refuted the allegation by misrepresenting a draft copy of the Altered PTC Memo as an expert disclosure of Dr. Kennedy. This draft copy had no indicia of authenticity and did not have Judge Kirpalani's order for them to disclose experts written on it.

28. The Plaintiff could not prove the document was a forgery as both the Original PTC Memo and the Altered PTC Memo were missing from the court file.[2]

29. The Plaintiff's counsel filed an affidavit with the Appeals Court swearing that; he'd never seen the PTC memo that was being used as a disclosure of Dr. Kennedy; that the docket sheet showed there were apparently two different versions of the document filed on the day of the

---

[2] The document presented to the Appeals Court is indisputably a forgery as it is an altered version of the document that was missing from the record and was intentionally misrepresented as an expert disclosure of Dr. Kennedy.

conference; and that both documents were missing from the court file.

30. The court stated that Defendant Welch had discretion to bifurcate the trial to 'avoid extensive expert testimony'. Contrary to the trial transcript, they also stated that the Plaintiff's counsel agreed to the bifurcation procedure exactly as it had been implemented. The appeal was dismissed without oral arguments.

31. Both the Original PTC Memo and the Altered PTC Memo were subsequently found misfiled in the 'attic' of the Newburyport Courthouse.

32. The Plaintiff presented the documents to the three judges who dismissed the appeal in a timely filed motion to reconsider which was denied without a hearing.

33. The Plaintiff filed an application for further appellate review to the Massachusetts Supreme Judicial Court. The Original PTC Memo, the Altered PTC Memo and the PTC memo which was used to defeat her appeal were all presented to prove that a fraud had been committed on the Appeals Court. The application was denied.

34. The Plaintiff filed a two count complaint against the Defendant Attorneys on March 28, 2018. She alleged in Count 1 that they had committed a fraud on the trial court. She alleged in Count 2 that a separate fraud was committed on the Appeals Court to cover it up. The Defendant Attorneys filed a motion to dismiss which was marked up for a hearing with Superior Court Judge Maureen Hogan.

35. For no apparent reason, the case was 'reassigned' to Judge Christopher Barry-Smith who granted the Defendant Attorneys' motion for a four month continuance. During the delay, Smith granted their motion for a protective order preventing the Plaintiff from obtaining Dr. Kennedy's testimony and his qualifications as an expert.

36. Without seeing the Plaintiff's evidence, Judge Smith dismissed her action on September

19, 2018. He argued that the Altered PTC Memo might not be a forgery and theorized how two different versions of a jointly prepared document could innocently get into a court record.

37. The Plaintiff's second appeal was assigned to Justices Wolohojian, Rubin and Henry on November 15, 2019. For no apparent reason, it was 'reassigned' on January 15, 2020 to Judges Meade, Sullivan and Neyman. They argued that the Plaintiff's counsel should have been more diligent and prevented the Altered PTC Memo from getting into the record without his knowledge. The appeal was dismissed on March 12, 2020 without oral arguments.

38. The Plaintiff's second request for further appellate review was denied by the SJC on October 1, 2020.

39. Plaintiff's counsel was informed on December 11, 2020 that he was under investigation by the Bar Counsel of the Massachusetts Board of Bar Overseers. He provided them with conclusive evidence that the Altered PTC Memo was a forgery and that an altered version of it was used to defeat the Plaintiff's first appeal.

40. Plaintiff's counsel also provided the Bar Counsel with conclusive evidence that he did not agree to the bifurcation procedure as it was implemented by Defendant Welch before the Plaintiff's personal injury trial. The Plaintiff's counsel argued that the courts had deprived her of her right to present this evidence to a jury.

IV.     ALLEGATIONS

COUNT 1: FRAUD ON THE TRIAL COURT

41. The Plaintiff incorporates by reference paragraphs 1-40 herein.

42. Defendant Welch intentionally scheduled a date for a pretrial conference where he knew he would be on vacation. This enabled the Defendant Attorneys to set in motion a scheme to defraud his court which would cheat the Plaintiff of her right to a fair trial.

43. The Defendant Attorneys planted the Altered PTC Memo into the court record at the pretrial conference without the Plaintiff's counsel or Judge Kirpalani's knowledge. Their intent was to misrepresent on the morning of the trial that they had disclosed an expert pursuant to Defendant Welch's April 1, 2015 order.

44. The Defendant Attorneys misrepresented in their motion to bifurcate that they had numerous experts prepared to testify in order to support their claim that the bifurcation procedure could save time pursuant to Mass.R.Civ.P. 42(b).

45. Defendant Welch knew the Altered PTC Memo was a forgery and knew that the Defendant Attorneys' motion to bifurcate was an attempted fraud on his court.

46. Defendant Welch knew the Plaintiff's counsel was unaware of the Altered PTC Memo in the record and intentionally failed to ask any questions during the motion hearing that would have led to its discovery before trial.

47. Defendant Welch intentionally misrepresented to the Plaintiff's counsel that he was entitled to present some hospital records in order to induce him into agreeing to bifurcate the trial between liability and damages.

48. Defendant Welch then limited the Plaintiff's case to proving where she fell in order to prevent her from presenting any evidence of her injuries to the jury.

49. Defendant Welch knew the Plaintiff presented sufficient evidence to prove where she had fallen. To overcome this evidence, he allowed the Defendant Attorneys to introduce irrelevant and prejudicial evidence of her arthritis in order to portray her to the jury as a liar and a fake.

50. Defendant Welch refused to give any of the Plaintiff's post-trial motions a hearing in order to keep her counsel from discovering the Altered PTC Memo in the case file.

51. Defendant Welch removed the Original PTC Memo and the Altered PTC Memo from the

case file and concealed them in the attic of the Newburyport Courthouse before it was transferred to the Salem Courthouse for the Plaintiff's appeal.

52.     Defendant Welch knowingly concealed evidence that the Defendant Attorneys had committed a fraud on his court and deprived the Plaintiff of a fair trial. The missing evidence also enabled them to commit a fraud on the Appeals Court to cover it up.

### COUNT 2: FRAUD ON THE APPEALS COURT

53.     The Plaintiff incorporates by reference paragraphs 1-52 herein.

54.     The Plaintiff alleged on appeal that the Defendant Attorneys' motion to bifurcate was a fraud on the trial court. Specifically, the Defendant Attorneys' false claim to have numerous experts prepared to testify induced Defendant Welch into implementing a procedure which barred the Plaintiff from presenting evidence to the jury.

55.     The Defendant Attorneys refuted the allegation by intentionally misrepresenting a draft copy of the Altered PTC Memo as a disclosure of Dr. Kennedy.

56.     The Appeals Court relied on the misrepresentation by stating that Defendant Welch had discretion to bifurcate the trial in order to 'avoid extensive expert testimony'. The Appeals Court further stated the "…none of the alleged behavior of the defendants comes close to the egregious conduct held to constitute fraud. See Rockdale Mgmt. Co. v. Shawmut Bank, N.A., 418 Mass. 596, 598 (1994)"

### COUNT 3: DEPRIVATION OF THE PLAINTIFF'S RIGHTS TO DUE PROCESS

57.     The Plaintiff incorporates by reference paragraphs 1-56 herein.

58.     The Plaintiff has been denied over a dozen motions, two appeals to the Appeals Court and two appeals to the SJC without hearings over the last five years.

59.     The Defendant Attorneys have been granted every motion they've filed during this time

including a protective order which the courts knew was being used to conceal evidence they were previously ordered to give the Plaintiff. Specifically, information regarding Dr. Kennedy's testimony and qualifications as an expert.

60. The Massachusetts Supreme Judicial Court has presided over judges who have repeatedly and egregiously denied the Plaintiff's rights to due process. The SJC has refused to take any action except to put this case into the hands of judges who were willing to deny the Plaintiff's rights to due process.

61. The Massachusetts Supreme Judicial Court initiated an investigation of the Plaintiff's counsel in retaliation for threatening to pursue this controversy in this Court.

Wherefore, the Plaintiff requests compensatory and punitive damages against the Defendant Attorneys and Defendant Judge Welch. The Plaintiff will also request equitable relief should the Massachusetts Supreme Judicial Court attempt to take any action which will leave her without counsel in this action.

By her counsel,

September 6, 2021

/s/ Gary Dolan
Gary Dolan, BBO 677841
9 Sparkle Drive
Lawrence, MA 01843
(978) 682-1974
grdolan.law@gmail.com