UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 21-11455

NELLIE SANINOCENCIO

v.

PIERCE AND MANDELL, PC; AVERY DOOLEY AND NOONE, LLP;
LITCHFIELD CAVO, LLP; RICHARD WELCH III; and THE
MASSACHUSETTS SUPREME JUDICIAL COURT

MEMORANDUM AND ORDER ON
MOTION FOR SANCTIONS

January 14, 2022

STEARNS, D.J.

Defendants Pierce and Mandell, PC; Litchfield Cavo, LLP; and Avery Dooley and Noone, LLP (the Attorney Defendants) seek sanctions against plaintiff Nellie Saninocencio and her attorney, Gary Dolan, Esq., for filing a frivolous Amended Complaint in this court. The Amended Complaint accuses the Attorney Defendants of perpetrating a fraud on the Massachusetts Superior Court and the Massachusetts Appeals Court by submitting an altered pretrial memorandum and a misleading motion to bifurcate the trial of Saninocencio's 2015 slip-and-fall case in the Essex Superior Court. According to the Amended Complaint, the Attorney Defendants "planted the Altered PTC Memo into the court record at the

pretrial conference" to "misrepresent on the morning of trial that they had disclosed an expert." Am. Compl. (Dkt. # 6) ¶ 43. Saninocencio further alleges that the Attorney Defendants "misrepresented in their motion to bifurcate that they had numerous experts prepared to testify in order to support their claim that the bifurcation procedure could save time." *Id.* ¶ 44. In her fraud on the Appeals Court claim, Saninocencio alleges that the Attorney Defendants "intentionally misrepresent[ed] a draft copy of the Altered PTC Memo as a disclosure of" their expert. *Id.* ¶ 55.

The Amended Complaint also sets out a litany of complaints of complicity on the part of Superior Court Judge Richard Welch III, who presided over Saninocencio's trial. Attorney Dolan accuses Judge Welch of conspiring with the Defendant Attorneys to enable them "to set in motion a scheme to defraud his court which would cheat the Plaintiff of her right to a fair trial." *Id.* ¶ 42. In furtherance of the scheme, Judge Welch is said to have knowingly relied on the forged pretrial memorandum to induce a bifurcation of the trial, *see id.* ¶ 45, to have misled attorney Dolan about evidentiary rulings he would make at trial, *see id.* ¶ 47, and afterwards to have removed the original and the forged copies of the disputed pretrial memorandum from

the court records and hidden them in the attic of the Newburyport Courthouse to prevent their coming to light on appeal, *see id.* ¶¶ 51-52.[1]

The Amended Complaint also asserts claims under the Federal Civil Rights Act, 42 U.S.C. § 1983, against the Massachusetts Supreme Judicial Court (SJC) for (1) "presid[ing] over judges who have repeatedly and egregiously denied [Saninocencio's] rights to due process," Am. Compl. ¶ 60, and (2) instigating a Board of Bar Overseers investigation of attorney Dolan "in retaliation for threatening to pursue this controversy in this [federal] Court," *id.* ¶ 61. Saninocencio seeks compensatory and punitive damages against the Attorney Defendants and Judge Welch and prospective equitable relief from any disciplinary action the SJC might take that "will leave [Saninocencio] without counsel in this action." *Id.* Attorney Dolan has litigated and relitigated these fraud claims in the Massachusetts state courts where they have been repeatedly rejected. For the following reasons, the court will allow the motion for sanctions.

---

[1] Although much of this can be dismissed as hyperbolic expression of frustration with the trial judge's rulings, this latter allegation is particularly concerning. Massachusetts General Laws ch. 268, § 13E, makes it a felony (punishable by 5 years in state prison) to alter or conceal a court record with the intent of compromising its integrity or availability for use in an official proceeding.

3

## DISCUSSION

Sanctions are appropriate where a party or an attorney's "claims, defenses, and other legal contentions" are not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). The court may also impose sanctions upon a lawyer for "advocating a frivolous position" or "pursuing an unfounded claim." *In re Ames*, 993 F.3d 27, 34 (1st Cir. 2021), quoting *CQ Int'l Co. v. Rochem Int'l, Inc., USA*, 659 F.3d 53, 60 (1st Cir. 2011). In assessing whether conduct is sanctionable, the court uses "an objective standard, asking what is reasonable under the circumstances." *Ames*, 993 F.3d at 35. Stated differently, can the attorney's conduct be squared with what would be expected of a reasonable officer of the court in similar circumstances? The answer here is no.

Attorney Dolan is asking this court to overturn the jury's verdict in the 2015 Superior Court case,[2] reverse the rulings of the state Superior Court and Appeals Court dismissing his fraud claims, and to prospectively enjoin the SJC from suspending his license to practice law.

---

[2] Although not recited in the Amended Complaint, at the January 12, 2022, show cause hearing, attorney Dolan stated that he also took exception to an allegedly faulty jury instruction given by Judge Welch in the 2015 trial.

4

To begin with the basics: As courts of limited jurisdiction, federal district courts do not have the power to hear appeals from judgments entered by state courts or state administrative tribunals. *See Armistead v. C&M Transp., Inc.*, 49 F.3d 43, 47 (1st Cir. 1995). This familiar principle of federal-state jurisdiction is known to lawyers as the *Rooker-Feldman* doctrine. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923); *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). In our federal system, only the United States Supreme Court has jurisdiction to invalidate state civil judgments. *See Mandel v. Town of Orleans*, 326 F.3d 267, 271 (1st Cir. 2003). In sum, the *Rooker-Feldman* doctrine bars "cases brought by state court losers complaining of injuries caused by state court judgments rendered *before the district court proceedings commenced* and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (emphasis added).[3]

---

[3] Although the SJC has not taken any conclusive disciplinary action against attorney Dolan, I note that the *Rooker-Feldman* doctrine divests this court of equitable jurisdiction over state court disciplinary hearings. *See McKenna v. Curtin*, 869 F.3d 44, 48 (1st Cir. 2017) (the doctrine precluded federal court review of Rhode Island Supreme Court's decision to suspend an attorney's bar license).

Not only was attorney Dolan's action plainly barred by the *Rooker-Feldman* doctrine, but as the court noted in dismissing the Amended Complaint, the claims against the Attorney Defendants were also barred by the litigation privilege, the statute of limitations, and the doctrine of *res judicata*, while the claims against the SJC and Judge Welch were barred by the doctrine of absolute judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). These obvious preclusions would have been apparent to any reasonable attorney contemplating the filing of a lawsuit in federal district court. Attorney Dolan's conduct cannot be excused as a simple mistake about an issue of law, but rather amounts to a deliberate disregard of the law itself. The court therefore will order sanctions.

A court's sanction order must be "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(5). A sanction may include "part or all" of the moving party's attorney fees and costs. *See* Fed. R. Civ. P. 11(c)(4); *see also McCarty v. Verizon New Eng., Inc.*, 674 F.3d 119, 124 (1st Cir. 2012) (upholding the award of reasonable attorneys' fees as a Rule 11 sanction). The court may also enjoin an attorney from filing frivolous pleadings. *See United States v. Gomez-Rosario*, 418 F.3d 90, 101 (1st Cir. 2005). The court

6

(1) will order that attorney Dolan reimburse the Attorney Defendants their reasonable attorneys' fees and costs,[4] and (2) will enjoin Saninocencio and attorney Dolan from pursuing any claim arising from the 2015 Superior Court action in this court without the court's prior permission.

## ORDER

The Attorney Defendants' motion for sanctions is <u>ALLOWED</u>. Attorney Dolan is ordered to pay the Attorney Defendants their reasonable fees and costs incurred in litigating the claims filed in this court. The Attorney Defendants will submit their billing records and any additional documentation in support of an award of fees and costs within fourteen (14) days of entry of this Order. Attorney Dolan may file an opposition limited to contesting the amount of fees and costs within fourteen (14) days thereafter. Attorney Dolan and Saninocencio are enjoined from filing claims in this court arising from the 2015 Superior Court action without obtaining prior leave of the court. This Order does not, however, preclude any appeal taken from the Order itself.

SO ORDERED.

---

[4] Attorney Dolan alone, and not Saninocencio, is responsible for paying the Attorney Defendants their reasonable fees and costs. See Fed. R. Civ. P. 11(c)(5)(A).

/s/ Richard G. Stearns  
UNITED STATES DISTRICT JUDGE