UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 21-11455

NELLIE SANINOCENCIO

v.

PIERCE AND MANDELL, PC; AVERY DOOLEY AND NOONE, LLP;
LITCHFIELD CAVO, LLP; RICHARD WELCH III; and THE
MASSACHUSETTS SUPREME JUDICIAL COURT

MEMORANDUM AND ORDER ON
MOTION FOR SANCTIONS

February 11, 2022

STEARNS, D.J.

Pursuant to Federal Rule of Civil Procedure 11, the court previously ordered sanctions against plaintiff Nellie Saninocencio and her attorney Gary Dolan after finding that the Complaint they had filed in this action was frivolous and unfounded.  *See* Mem. & Order (Dkt # 43) at 4-7.  The court reserved any determination as to the amount of the monetary sanction to be imposed until after the Attorney Defendants submitted their billing records. These records have now been filed.

## DISCUSSION

"A sanction imposed under [Federal Rule of Civil Procedure 11] must be limited to what suffices to deter repetition of the conduct or comparable

conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Rule 11 allows for monetary sanctions comprised of "part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id.* While the purpose of sanctions is not strictly to compensate a wronged party for the litigation expenses it incurs in defending against the wrong, *see Alston v. Town of Brookline*, 2019 WL 117605, at *1 (D. Mass. Jan. 7, 2019), the offender's knowledge that he may be held to pay for the damages he causes by acting heedlessly is a useful deterrent.

The Attorney Defendants suggest that $18,174.50 is the proper monetary sanction to be imposed. They submit invoices and an affidavit showing that they incurred that amount in attorneys' fees defending this case. Dolan contests certain of the charges as excessive or unnecessary. The court agrees that under Rule 11, it should not award fees for billing entries that have no proximate relation to the defense against the frivolous Complaint. There are few such entries, however — just a handful of ministerial items such as correspondence with the clerk of the court regarding the timing of hearings. *See* Fee Submission Ex. A (Dkt # 44-2) at 7-8. After deducting the irrelevant time entries, the total amount of fees directly related to Dolan's sanctionable conduct is $17,730.50. Counsel for

the Attorney Defendants' billing rates, and the time they spent litigating this case, are in the court's experience reasonable and thus do not warrant any additional reductions.

Most relevant factors counsel in favor of ordering all of the associated fees ($17,730.50) as sanctions, first among them, the egregiousness of Dolan's conduct.  Dolan filed claims in this court that were facially invalid under well-known legal doctrines.  Moreover, he had previously pressed the same claims in the Massachusetts state courts, which rejected them out of hand.  Dolan filed his claims in this court even after the Massachusetts Supreme Judicial Court had ordered a Board of Bar Overseers investigation into his conduct in the state court, suggesting that previous attempts to dissuade him had failed.  Compounding matters, Dolan's opposition to the Attorney Defendants' fee submission recycles complaints about their actions in the 2015 state court case in defiance of the court's repeated admonition that Dolan's opposition should be "limited to contesting the amount of fees and costs." Dkt # 43; Dkt # 46. A meaningful monetary sanction is necessary to deter Dolan from continuing to wage his campaign against the Attorney Defendants.

One factor, however, weighs against ordering the full amount of fees as a sanction. The monetary sanction is just one of the deterrence measures the court has put in place. When it ordered sanctions, the court also enjoined Saninocencio and Dolan from filing any additional claims in this court arising from the 2015 Superior Court action without first obtaining leave of the court. This will help ensure that the same frivolous conduct will not be repeated, at least in this court.

## ORDER

After considering the relevant factors, the court determines that $17,730.50 in attorneys' fees against Dolan personally (and not his client) is the appropriate monetary sanction to be imposed. The court's order enjoining further actions related to the subject of the frivolous Complaint absent prior permission is made permanent. Dolan shall reimburse the Attorney Defendants in the amount of $17,730.50 within 45 days of the entry of this Order.

SO ORDERED.

/s/ Richard G. Stearns_____
UNITED STATES DISTRICT JUDGE